IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FRAZIER HAWKINS,

    Petitioner,

vs.

JOSE VAZQUEZ, Warden, and
ALBERTO GONZALES,
Attorney General,

    Respondents.

CIVIL ACTION NO.: CV206-199

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Frazier Hawkins ("Hawkins"), an inmate currently confined at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent[1] filed a Response. For the reasons which follow, Hawkins' petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Hawkins was convicted in the District of South Carolina for conspiracy to possess with intent to distribute and distribution of crack cocaine, possession with intent to distribute crack cocaine, and distribution of crack cocaine, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 846 and 841. Hawkins was sentenced to 292 months' imprisonment. Hawkins filed an appeal, and the Fourth Circuit Court of Appeals affirmed his convictions and sentence. Hawkins filed a motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255, and the trial court denied his motion. (Pet., pp. 2-6.)

---

[1] The only proper Respondent in a section 2241 proceeding is the Warden of the facility at which a petitioner is incarcerated.

AO 72A
(Rev. 8/82)

In the instant petition, Hawkins asserts that the Bureau of Prisons ("BOP") violated the Privacy Act. Hawkins also asserts that his custody is void because his conviction has been invalidated by 28 U.S.C. § 2072(b). Respondent contends that, although Hawkins' petition is "utterly devoid of merit", Hawkins should have raised his assertions via a section 2255 motion. (Doc. No. 6, p. 4.)

## DISCUSSION AND CITATION TO AUTHORITY

Courts should look beyond the terminology used in a pleading to its actual content before deciding the true nature of that pleading. See Fernandez-Roque v. Smith, 671 F.2d 426, 429 (11th Cir. 1982). A writ of habeas corpus is the means by which a prisoner may challenge the legality of his confinement. As noted by the United States Supreme Court, "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484, 93 S. Ct. 1827, 1833, 36 L. Ed. 2d 439 (1973). Habeas actions are those that explicitly or by necessary implication challenge a prisoner's conviction or the sentence imposed on him by (or under the administrative system implementing the judgment of) a court. Thus, for example, when a prisoner makes a claim that, if successful, would shorten his term of imprisonment, the claim must be brought as a habeas petition, not as a civil rights claim. Edwards v. Balisok, 520 U.S. 641, 645-46, 117 S. Ct. 1584, 1587-88, 137 L. Ed. 2d 906 (1997); Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). In contrast, claims in which prisoners assert that they are being subjected to unconstitutional punishment not imposed as part of their sentence, such as, for example, being denied adequate medical care during the period of incarceration or being deprived of an alleged liberty interest, are civil rights

2

AO 72A
(Rev. 8/82)

actions, not habeas actions. See generally, Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970, 126 L. Ed. 2d 811 (1994); Abello v. Rubino, 63 F.3d 1063 (11th Cir. 1995).

Hawkins filed this cause of action pursuant to 28 U.S.C. § 2241, and he indicates that his petition concerns jail or prison conditions. (Pet., p. 1.) Hawkins avers that the BOP was informed that his conviction has been invalidated and that the BOP was warranted to investigate the invalidation. Hawkins alleges that, had the BOP conducted a proper investigation into this matter, the BOP would then file a motion with the Court pursuant to 18 U.S.C. § 3582 to vacate his sentence. Hawkins contends that the BOP's refusal to investigate his contentions has deprived him of a liberty interest, and he has accrued damages in the amount of $35,800.

This Court has looked beyond the terminology Hawkins used, and it appears that the true nature of these contentions is based upon an alleged civil rights violation. See Fernandez-Roque, 671 F.2d at 429. As such, these contentions properly lie within the purview of 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), which authorize an inmate to bring claims for a violation of his constitutional rights by a federal actor. Should Hawkins wish to pursue his claims that the BOP has deprived him of a liberty interest and that he has accrued damages in the amount of $35,800, he may do so by filing a cause of action pursuant to section 1331 and Bivens.

The remainder of Hawkins' petition can be characterized as being a petition for writ of habeas corpus, as he contends that his conviction has been invalidated. In those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner

3

AO 72A
(Rev. 8/82)

establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255, ¶ 5 (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Accardi v. Blackwell, 412 F.2d 911, 914 (5th Cir. 1969).[2] Hawkins asserts that the remedy afforded under section 2255 is inadequate or ineffective to challenge the legality of his detention because his claims "are exhausted claims in the BOP due to the violation of the liberty interest right, Privacy Act and unconstitutional custody after notification. The § 2255 is not a motion used in resolving matters of prison violation of statutory policy and law." (Pet., p. 7.)

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and petitioner is barred from filing successive petition); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where petitioner was sentenced by three courts,

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

4

none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 petition or unreasonably delayed consideration of petition); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Hawkins has failed to establish that his claims which can be characterized as "habeas corpus" claims are based on a retroactively applicable Supreme Court decision or that he was foreclosed on a previous occasion from making the same allegations as he does in the instant petition. Hawkins has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244. Hawkins cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003).

none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 petition or unreasonably delayed consideration of petition); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Hawkins has failed to establish that his claims which can be characterized as "habeas corpus" claims are based on a retroactively applicable Supreme Court decision or that he was foreclosed on a previous occasion from making the same allegations as he does in the instant petition. Hawkins has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244. Hawkins cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003).

AO 72A
(Rev. 8/82)

Hawkins is doing nothing more than "attempting to use § 2241... to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Hawkins' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 29th day of November, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)